**PRIORITY SEND**

**JS-6**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES -- GENERAL

Case No.   CV 14-03883-VAP
USBC Case No. 2:02-BK-14216-BB
ADVERSARY Case No. 2:12-AP-02182-BB                           Date:  July 3, 2014

Title:     IN RE: J.T. THORPE, INC. & THORPE INSULATION COMPANY, DEBTORS
================================================================
PRESENT:     HONORABLE VIRGINIA A. PHILLIPS, U.S. DISTRICT JUDGE

  Marva Dillard                              None Present
  Courtroom Deputy                           Court Reporter

ATTORNEYS PRESENT FOR             ATTORNEYS PRESENT FOR
PLAINTIFFS:                       DEFENDANTS:

  None                              None

PROCEEDINGS:   MINUTE ORDER (1) DENYING MOTION TO STAY ENFORCEMENT OF JUDGMENT AND ORDER FOLLOWING TRIAL (DOC. NO. 10); AND (2) VACATING JULY 7, 2014 HEARING(IN CHAMBERS)

   Before the Court is a Motion to Stay Enforcement of (1) Judgment in Adversary Proceeding, and (2) Order Following Trial on Adversary Complaints and Motion for Instructions (Doc. No. 10) ("Motion"), filed by Appellants Michael J. Mandelbrot ("Mandelbrot") and the Mandelbrot Law Firm (collectively, "Appellants") on June 4, 2014.  Appellees J.T. Thorpe Settlement Trust and Thorpe Insulation Company Asbestos Settlement Trust (collectively, "Appellees") filed an Opposition to the Motion (Doc. No. 13) ("Opposition"), and a Request for Judicial Notice (Doc. No. 14)

CV 14-03883-VAP; USBC Case No. 2:02-BK-14216-BB; ADVERSARY Case No. 2:12-AP-02182-BB
IN RE J.T. THORPE, INC. & THORPE INSULATION
MINUTE ORDER of July 3, 2014

("Appellees' RJN") on June 16, 2014.  The Futures Representative, Charles B. Renfrew, filed a Joinder in the Opposition (Doc. No. 15), also on June 16, 2014.  Appellants filed their Request for Judicial Notice (Doc. No. 19) ("Appellants' RJN") as well as their Objection to Appellees' RJN (Doc. No. 18) on June 19, 2014.  The Motion is appropriate for resolution without a hearing, and accordingly, the Court VACATES the July 14, 2014 hearing on this Motion.  See Fed. R. Civ. P. 78; Local R. 7-15.  After considering the papers filed in support of, and in opposition to, the Motion, the Court DENIES the Motion as set forth below.

## I.  BACKGROUND

This is an appeal of the United States Bankruptcy Court's May 28, 2014 denial of Appellants' Motion to Stay Enforcement of (1) Judgment in Adversary Proceedings, and (2) Order Following Trial on Adversary Complaints and Motion for Instructions ("Bankruptcy Court Motion").  Mandelbrot is a California attorney who has filed numerous claims for compensation for asbestos-related injuries against Appellees on behalf of individual clients.  The parties commenced an adversary proceeding in the Bankruptcy Court after a dispute arose over audits of claims filed by Mandelbrot, and Appellees alleged Mandelbrot had exhibited a pattern of filing unreliable evidence in support of the claims.  (See Appellees' RJN Ex. 4 at 6-7; Opp'n at 5-6.)

In January 2014, the Bankruptcy Court held a trial, beginning with the Appellees' case-in-chief.  (See Appellees' RJN Ex. 4 at 8-9.)  On January 23, 2014, while the trial was pending, the parties entered into a stipulated settlement agreement ("Agreement"), which was recited into the record.  (Id. at 13.)  Mandelbrot stipulated that he would file no new claims against Appellees, the Western Asbestos Settlement Trust, and the Plant Insulation Settlement Trust.  He also stipulated that he would transfer his current clients to new counsel.  (Id. at 13-15.)  On January 31, 2014, however, Mandelbrot sought to withdraw from the Agreement (id. at 12-13), leading Appellees to file a Motion to Enforce January 23, 2014 Stipulated Agreement, which the Bankruptcy Court granted on April 7, 2014 (see Appellees' RJN Ex. 1).  Also on April 7, 2014, the Bankruptcy Court issued an Order Following Trial on Adversary Complaints and Motion for Instructions, and a Judgment in Adversary Proceedings, in favor of Appellees.  (Id. Exs. 2, 3.)

CV 14-03883-VAP; USBC Case No. 2:02-BK-14216-BB; ADVERSARY Case No. 2:12-AP-02182-BB
IN RE J.T. THORPE, INC. & THORPE INSULATION
MINUTE ORDER of July 3, 2014

On April 21, 2014, Appellants filed the Bankruptcy Court Motion, seeking a stay of judgment pending appeal.  The Bankrupty Court held a hearing on this motion on May 27, 2014, and issued an Order denying the motion on June 4, 2014.  (Id. Ex. 8.)  That court found that Appellants do not have a reasonable likelihood of success on the merits of their appeal, and that the public interest demanded that the motion be denied.  (Id. at 2.)

On May 20, 2014, Appellants filed a Notice of Appeal of the Bankruptcy Court's Order in this Court.  (Doc. No. 1.)  On June 4, 2014, Appellants filed the Motion.  On June 16, 2014, Appellees filed the Opposition and their RJN.  On June 19, 2014, Appellants filed their RJN and Objection to Appellees' RJN.

## II.  REQUESTS FOR JUDICIAL NOTICE

In their RJN, Appellees request that the Court take judicial notice of the following nine documents from the record of this case before the Bankruptcy Court, Case No. 2:12-AP-02182-BB:

(1)  Order Granting Motion to Enforce January 23, 2014 Stipulated Agreement, Docket No. 232 (Appellees' RJN Ex. 1);
(2)  Order Following Trial on Adversary Complaints and Motion for Instructions, Docket No. 233 (id. Ex. 2);
(3)  Judgment in Adversary Proceedings, Docket No. 234 (id. Ex. 3);
(4)  Findings of Fact and Conclusions of Law, Docket No. 235 (id. Ex. 4);
(5)  May 24, 2013 Letter from Stephen M. Snyder, Managing Trustee, to Michael J. Mandelbrot, Esq. and the Mandelbrot Law Firm, Trial Exhibit 227[1] (id. Ex. 5);
(6)  Trusts' Notice of Completion of Providing Notice to Beneficiaries and Potential Beneficiaries as Specified in April 7, 2014 Court Order, Docket No. 256 (id. Ex. 6);
(7)  Transcript of Proceedings of Hearing Re Motion to Stay Enforcement of Judgment in Adversary Proceeding and Order Following Trial on Adversary Complaints and Motion for Instructions, Docket No. 281 (id.

---

[1]  In its Findings of Fact and Conclusions of Law, the Bankruptcy Court ordered that this letter be "a part of the public record."

Case 2:14-cv-03883-VAP Document 26 Filed 07/03/14 Page 4 of 8 Page ID #:3420

CV 14-03883-VAP; USBC Case No. 2:02-BK-14216-BB; ADVERSARY Case No. 2:12-AP-02182-BB
IN RE J.T. THORPE, INC. & THORPE INSULATION
MINUTE ORDER of July 3, 2014

        Ex. 7);

(8) Order Denying Mandelbrot Amended Motion to Stay Enforcement of Judgment in Adversary Proceeding and Order Following Trial on Adversary Complaints and Motion for Instructions, Docket No. 283 (id. Ex. 8); and

(9) Trust Distribution Procedures for the J.T. Thorpe Settlement Trust, Exhibit A to Declaration of Sara Beth Brown in Support of "Notice of Motion and Motion for Approval of Continued Claim Payment by the J.T. Thorpe Settlement Trust in Accordance With Additional Evaluation Criteria," Docket No. 11 (id. Ex. 9).

     In the Objection to Appellees' RJN, Appellants ask the Court to deny judicial notice of Appellees' Exhibits 5, 6, 7, and 8, asserting that these documents are "unreliable, contain perjury or perjured testimony, and were prepared by those with interests adverse to the Trusts who should be removed." (Objection to Appellees' RJN at 2.)

     In their RJN, Appellants ask the Court to take judicial notice of the following:

(1) Mandelbrot Opposition to Enforcement of Settlement Agreement, and Declaration of Michael J. Mandelbrot in Support of Opposition of Motion to Enforce Settlement Agreement, filed in Bankruptcy Court Case No. 2:12-AP-02182, Docket No. 216 (Appellants' RJN Ex. A); and

(2) Objection to Western Asbestos Tenth Annual Report and Accounting, in Bankruptcy Court Case No. 13-31914, Docket No. 1814 (id. Ex. B-P).

     A court may take judicial notice of court filings and other matters of public record. See Reyn's Pasta Bella, LLC v. Visa USA, Inc., 442 F.3d 741, 746 n.6 (9th Cir. 2006) (citing Burbank-Glendale-Pasadena Airport Auth. v. City of Burbank, 136 F.3d 1360, 1364 (9th Cir. 1998)). Both Appellants and Appellees have provided reference and case numbers for these documents showing that they were in fact court documents and matters of public record. See Grant v. Aurora Loan Servs., Inc., 736 F. Supp. 2d 1257, 1264 (C.D. Cal. 2010) (citing cases); Velazquez v. GMAC Mortg. Corp., 605 F. Supp. 2d 1049, 1057-58 (C.D. Cal. 2008). Despite Appellants' objection to Appellees' RJN Exhibits 5-8, the Court finds no good cause to deny judicial notice of these documents, as they too are court documents and

CV 14-03883-VAP; USBC Case No. 2:02-BK-14216-BB; ADVERSARY Case No. 2:12-AP-02182-BB
IN RE J.T. THORPE, INC. & THORPE INSULATION
MINUTE ORDER of July 3, 2014

matters of public record.  The Court's judicial notice of the existence of certain records, however, does not denote notice of the truth, reliability, or admissibility of the contents of the documents.  See Erie R.R. v. Tompkins, 304 U.S. 64, 78 (1938); Wyatt v. Terhune, 315 F.3d 1108, 1114 (9th Cir. 2003).

The Court thus GRANTS judicial notice of all the documents requested in Appellees' RJN and Appellants' RJN.

### III. JURISDICTION AND STANDARD OF REVIEW

28 U.S.C. § 158(a) confers jurisdiction on federal district court to entertain an appeal from a bankruptcy court; it provides in pertinent part: "The district courts of the United States shall have jurisdiction to hear appeals . . . from final judgments, orders, and decrees."

Federal Rule of Bankruptcy Procedure 8005 provides that a bankruptcy court may stay a case pending the outcome of an appeal or make other appropriate orders to protect the interests of the parties involved.  Fed. R. Bankr. P. 8005.  A party seeking a stay must generally file the motion with the bankruptcy court first before seeking relief from a district court.  Id.

A stay is not a matter of right – "even if irreparable injury might otherwise result."  Nken v. Holder, 556 U.S. 418, 433 (2009).  Rather, a stay is an exercise of judicial discretion.  Id.  A movant must generally satisfy four elements: "(1) appellant is likely to succeed on the merits of the appeal; (2) appellant will suffer irreparable injury; (3) no substantial harm will come to appellee; and (4) the stay will do no harm to the public interest."  In re Irwin, 338 B.R. 839, 843 (E.D. Cal. 2006) (internal quotation marks omitted). The first two factors are the most important.  Nken, 556 U.S. at 434.

After a bankruptcy court denies a motion to stay, the district court may only review the denial for abuse of discretion.  In re Irwin, 338 B.R. at 847; Universal Life Church v. United States, 191 B.R. 433, 444 (E.D. Cal. 1995) ("When a bankruptcy court has ruled on the issue of a stay of its order pending appeal, the district court, sitting as an appellate court, reviews that decision for abuse of discretion.").  Thus, Appellants' request that the Court conduct a de novo review the Bankruptcy Court's

Case 2:14-cv-03883-VAP   Document 26   Filed 07/03/14   Page 6 of 8   Page ID #:3422

CV 14-03883-VAP; USBC Case No. 2:02-BK-14216-BB; ADVERSARY Case No. 2:12-AP-02182-BB
IN RE J.T. THORPE, INC. & THORPE INSULATION
MINUTE ORDER of July 3, 2014

denial of the motion to stay is unavailing.  "Abuse of discretion" is the proper standard for the Court's review of the Motion.

## IV.  DISCUSSION

Appellants fail to establish that the Bankruptcy Court abused its discretion in denying their Bankruptcy Court Motion.  The Motion never addresses how the Bankruptcy Court abused its discretion, and merely requests a de novo review of the Bankruptcy Court Motion by pointing the Court to the April 21, 2014 filing of the Bankruptcy Court Motion – without even attaching a copy of the motion but only reproducing a portion of the Bankruptcy Court's docket in the body of the Motion.  (See Mot. at 2.)  As Appellants fail to address the central question before this Court – the issue of the Bankruptcy Court's abuse of discretion – they fail to meet their burden as the moving party.  Even if Appellants had argued that the Bankruptcy Court abused its discretion, the Court, as discussed below, finds Appellants cannot demonstrate that the Bankruptcy Court abused its discretion in denying a stay request.  (See Appellees' RJN Ex. 8 at 2.)

In the Bankruptcy Court Motion, Appellants asserted that the Agreement violates California's public policy as expressed in California Business & Professions Code Section 16600 and California Rule of Professional Conduct 1-500.  (Bankr. Ct. Mot. at 5-9; see also Opp'n at 13-19.)  According to Appellants, the Agreement, which prevents Mandelbrot from filing new claims to Appellees and two other trusts, violates Section 16600's prohibition of contracts that restrain parties from engaging in a lawful profession, and Rule 1-500's disallowance of settlement agreements that restrict the right to practice law.  (See Bankr. Ct. Mot. at 5-7.)  On May 27, 2014, at the hearing on the Bankruptcy Court Motion, the Bankruptcy Court indicated to the parties that the motion in consideration essentially was seeking to relitigate the case, and that the court stood by the Findings of Fact and Conclusions of Law ("Findings") (in which the court found to the Agreement be valid, binding, and enforceable), as the Findings not only were based on the parties' knowing and voluntary entry into the Agreement itself, but also were consistent with the evidence the court had heard during the trial.  (Appellees' RJN Ex. 7 at 3-4; id. Ex. 4 at 11-13.)  On June 4, 2014, the Bankruptcy Court formalized its conclusion in an Order denying the Bankruptcy Court Motion, holding that Appellants failed to show that they have a reasonable likelihood of success on the merits of their appeal, or that the public interest

CV 14-03883-VAP; USBC Case No. 2:02-BK-14216-BB; ADVERSARY Case No. 2:12-AP-02182-BB
IN RE J.T. THORPE, INC. & THORPE INSULATION
MINUTE ORDER of July 3, 2014

demands a stay. (See id. Ex. 8 at 2.) Therefore, even if the remaining standards necessary to obtain a stay had been satisfied – i.e., whether Appellants will suffer irreparable injury, and whether no substantial harm will come to Appellees, the court found the Bankruptcy Court Motion should be denied. (Id.)

The record shows that the Bankruptcy Court considered the evidence and the issue of the enforceability of the Agreement, found Appellants' arguments to be unpersuasive, concluded that the Agreement was valid and enforceable, and denied the Bankruptcy Court Motion. (See Appellees' RJN Exs. 4, 7, 8; see also Appellants' RJN Ex. A.) This decision can hardly be said to be an "'arbitrary, fanciful or unreasonable'" judicial action, which no reasonable [person] would adopt. See In re Irwin, 338 B.R. at 844 (quoting In re Blackwell, 162 B.R. 117, 119 (E.D. Pa. 1993) (defining "abuse of discretion")). "If reasonable [persons] could differ as to the propriety of the action taken by the trial court, then it cannot be said that the trial court abused its discretion." Id. In consideration of the highly deferential standard of review, the Court cannot conclude that the Bankruptcy Court abused its discretion.

Moreover, even if the Court were to engage in a de novo consideration of Appellants' stay request, the Court would agree with Appellees that: (1) permitting Appellants with an established record of filing unreliable evidence in support of their clients' claims would undermine the public interest of ensuring the integrity of the claims process and a proper administration of mass-asbestos trusts created under bankruptcy court authority (see Opp'n at 11-13); (2) Appellants are unlikely to prevail on their argument that the Agreement violates Section 16600 and Rule 1-500, as the two provisions are inapplicable to the instant dispute arising out of Appellants' own misconduct (id. at 13-18); (3) Appellants, in the Bankruptcy Court Motion, fail to show any irreparable injury they will suffer absent a stay (id. at 19-20; see also Bankr. Ct. Mot. at 9-10); and (4) Appellees and their beneficiaries, including individual claimants, will receive substantial injury, if a stay is issued, as the stay likely will lead to delays and conflicting instructions (Opp'n at 20-21). Thus, the Court also agrees with the Bankruptcy Court on the merits of the Bankruptcy Court Motion.

## V. CONCLUSION

For the foregoing reasons, the Court DENIES Appellants' Motion to Stay

CV 14-03883-VAP; USBC Case No. 2:02-BK-14216-BB; ADVERSARY Case No. 2:12-AP-02182-BB
IN RE J.T. THORPE, INC. & THORPE INSULATION
MINUTE ORDER of July 3, 2014

Enforcement of Judgment in Adversary Proceeding and Order Following Trial on Adversary Complaints and Motion for Instructions (Doc. No. 10).

**IT IS SO ORDERED.**