UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: | CASE No. 2:14-cv-03883-VAP |
| J.T. THORPE, INC, THORPE INSULATION COMPANY, | |
|     DEBTOR.        / | BK NO. 2:02-bk-14216 BB |
| MICHAEL J. MANDELBROT & THE MANDELBROT LAW FIRM, | A.P. NO. 2:12-AP-02182-BB |
| Appellants, | |
| v. | |
| J.T. THORPE SETTLEMENT TRUST and THORPE INSULATION COMPANY ASBESTOS SETTLEMENT TRUST, | |
| Appellees.        / | |

**APPELLANTS' REPLY BRIEF**

on Appeal From

The United States Bankruptcy Court
Central District of California

———————

David N. Chandler, Sr.  SBN 60780
David N. Chandler, Jr.  SBN 235427
DAVID N. CHANDLER, p.c.
1747 Fourth Street
Santa Rosa, CA  95404
Telephone: (707) 528-4331

Attorneys for Defendant/Appellant

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . .   ii

       **REPLY BRIEF**. . . . . . . . . . . . . . . . . . .   1

I.    CALIFORNIA BUSINESS AND PROFESSIONS
       CODE §16600 IS NOT LIMITED TO NON-COMPETITION
       AGREEMENTS. THE "PLAIN LANGUAGE" OF §16600,
       AND THE CALIFORNIA SUPREME COURT IN
       THE <u>EDWARDS</u> CASE ALL SUPPORT APPELLANTS
       POSITION . . . . . . . . . . . . . . . . . .   2

II.   APPELLEES' ASSERTION THAT CALIFORNIA RULE
       OF PROFESSIONAL CONDUCT 1-500 IS NOT
       APPLICABLE IS CLEARLY MISGUIDED . . . . .   3

III.  ENFORCEMENT OF THE TERM OF THE TRUST
       WHICH PURPORTS TO LIMIT THE
       REPRESENTATION OF CLIENTS BY THE
       APPELLANT EXCEEDS THE JURISDICTION OF
       THE BANKRUPTCY COURT . . . . . . . . . . .   5

IV.   DUE PROCESS OF THE LAW IS NOT MET WHEN
       FINDINGS ARE MADE BASED UPON INCOMPLETE
       EVIDENCE AND UNCOMPLETED TRIAL. . . . . .   6

       **CONCLUSION** . . . . . . . . . . . . . . . . . . .   7

**TABLE OF AUTHORITIES**

**STATUTES AND LAW**

28 U.S.C. Section 157  . . . . . . . . . . . . . . . .      6

California Business and Professions Code §16600  . .    1, 2


**RULES**

California Rules of Professional Conduct Rule 1-500.    1, 3, 4

ABA Model Rule 5.6 . . . . . . . . . . . . . . . . .      3


**CASES**

In re Bellucci
     119 B.R. 763 (Bktcy. E.D.Cal. 1990) . . . . . .      6

Edwards v. Arthur Anderson, LLP
     44 Cal. 4th 937, 81 Cal.Rptr.3d 282 (2008) . . .     2

In re Harris Pine Mills
     44 F. 3d 1431, 1435 (9th Cir. 1995). . . . . . .     6

Kokkonen v. Guardian Life Ins. Co.
     511 U.S. 375, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994)   3

In re Pegasus Gold Corp.
     394 F.3d 1189 (9th Cir. 2005). . . . . . . . . .     5

In re Wood
     825 F. 2d 90 (5th Cir. 1997) . . . . . . . . . .     6


**AUTHORITIES**

ABA Formal Opinion 93-371 . . . . . . . . . . . . .      4

**REPLY BRIEF**

Appellee's Brief and Argument misapply the law and facts and clearly help enforce the position that the settlement agreement between Appellee and Appellant should be considered null and void. Appellee's incorrect argument may be summarized as follows:

(1) Business and Professions Code §16600 *only* relates to non-compete agreements despite a plain reading of the statute and applicable California Supreme Court case law; (2) Appellee is *not bound* by the California Rules of Professional Code as Rule 1-500 does not apply except in situations where two client parties are involved and due to the fact the Trust is improperly situated in Nevada;(3) The post confirmation jurisdiction is "core" jurisdiction based upon claims filed as to the Trust despite the fact that the Appellant is not the claimant and did not submit to jurisdiction; (4) Due process is not required for issuance of findings of fact despite the fact that the trial was not completed, a majority of appellants evidence was excluded, and plaintiff was never afforded the opportunity to testify.  Appellee is wholly incorrect in its application of the law and the facts and the "settlement agreement" between Appellant and Appellee is clearly void as detailed below.

1

**I.   CALIFORNIA BUSINESS AND PROFESSIONS CODE §16600 IS NOT LIMITED TO NON-COMPETITION AGREEMENTS. THE "PLAIN LANGUAGE" OF §16600, AND THE CALIFORNIA SUPREME COURT IN THE <u>EDWARDS</u> CASE ALL SUPPORT APPELLANTS POSITION**

California Business & Professions Code Section 16600 provides that "every contract (settlement agreement) by which anyone is restrained from engaging in a lawful profession, or business of any kind is to that extent void." Business and Professions Code 16600 is urged by Appellees to be applicable only to agreements relating to competition by professionals and agreements to limit such competition. The plain wording of the statute does not so limit its applicability nor does case law interpreting the statute by the California Supreme Court.

The "plain language" of the statute is clear on its face that *any restraint* of a lawful profession is void. Here, the settlement agreement places a large restraint (never filing claim again, transferring over a thousand claims) on Mandelbrot and is therefore, void. Appellees clearly ignore the plain language of the statute.

The California Supreme Court also set forth the meaning of the statute. The California Supreme Court explained the statute in <u>Edwards v. Arthur Anderson</u>, LLP, 44 Cal.4th 937, 946, 81 Cal.Rptr.3d 282 (2008) in applying same in a non-competition factual context. Appellee confuses the facts with the legal

2

analysis. The legal analysis is whether the contractual provision restrains Appellant from engaging in a lawful profession, trade or business *of any kind* and is, to the extent that it does, void. Similarly ABA Model Rule 5.6 provides that a lawyer "shall not participate in an agreement in which a restriction on the lawyer's right to practice law is part of the settlement." Here, Appellant is extensively restrained from engaging in his lawful profession or trade and the contract should be declared void.

California law applies and Appellee's attempt to apply Nevada law is misguided. The enforceability of an agreement to settle a federal case is a question of applicable state law. See, Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 382, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994). Appellee urges, without attempting to make the case for the first time on appeal that somehow applicable state law could be Nevada law as the Trust is based in Nevada. Appellant litigated in California, is represented solely by California licensed attorneys practicing in California and the Trusts are created by Courts sitting within the State of California. Moreover, all attorneys for Appellants are California lawyers and none hold a Nevada attorney license.

**II. APPELLEES' ASSERTION THAT CALIFORNIA RULE OF PROFESSIONAL CONDUCT 1-500 IS NOT APPLICABLE IS CLEARLY MISGUIDED.**

California Rule of Professional Conduct 1-500(A) in entirely

applicable to the case at hand. California Rule of Professional Conduct 1-500(A) provides that a member shall not be a party to or participate in offering or making an agreement whether in connection with the settlement of a lawsuit which restricts the right of a member to practice law. Rule 1-500 does not provide, as Appellee urges, that its applicability is limited where there are opposing party clients. Appellee urges that since Appellant is the attorney and a party to the Adversary Proceeding, the Rule lacks effect. This argument is clearly without merit. Appellee ignores the fact that the real parties in interest are the Appellant's clients and the fact that the "plain language" of the Rule does not make the distinction. Appellee is a "...party to and participated in offering or making an agreement in connection with the settlement of a lawsuit which restricts the right" of Appellant to practice law. Clearly, this is unethical and void.

Per ABA Formal Opinion 93-371, the settlement is considered "out of bounds". As the Opinion notes, "permitting such agreements restricts the access of the public to lawyers who, by virtue of their background and experience may be the best available talent to represent these individuals." Here, Appellant is clearly the best available and qualified professional to represent these individual clients and the restrictions on the public are clearly "out of bounds."

4

### III. ENFORCEMENT OF THE TERM OF THE TRUST WHICH PURPORTS TO LIMIT THE REPRESENTATION OF CLIENTS BY THE APPELLANT EXCEEDS THE JURISDICTION OF THE BANKRUPTCY COURT.

The Appellant is not the *claimant* but counsel for the claimant. The Appellee sought to deprive the Appellant from representation of the specific claimants for whom Appellant had filed and prosecuted claims. Intervention by the Trust and the Courts in the professional contractual relationship between the Appellant and his clients is not a "core proceeding" and does not come within the purview of *related to* jurisdiction.

The close nexus analysis set forth by the Ninth Circuit in <u>In re Pegasus Gold Corp.</u>, 394 F.3d 1189 (9th Cir. 2005) does not exist in terms of disqualifying a licensed attorney from filing claims against the Trust. This case does not involve the claimants themselves. It relates to the Appellee's determination of whom, including licensed attorneys, will be permitted to make claims on behalf of the members of the public to whom liability exists and whether clients existing will be prohibited from continuing with their selected representative.

The issue decided in the case is not who may represent members of the public who are claimants, but who may not present the claims in a representative capacity.

Claims which arise under Title 11 are deemed to be "core proceedings" and claims that are related to Title 11 are "noncore".

5

In re Harris Pine Mills, 44 F. 3d 1431, 1435 (9th Cir. 1995). If the proceeding does not invoke a substantive right created by the federal bankruptcy law and is one that could exist outside of bankruptcy, it is not a core proceeding. It may be related to the Title 11 case due to its potential effect on the case, but it is a noncore proceeding. In re Wood, 825 F. 2d 90, 97 (5th Cir. 1997).

Filing of a proof of claim creates a core proceeding even though the claim could have existed outside the Title 11 case. In re Bellucci, 119 B.R. 763 (Bktcy. E.D.Cal. 1990). A counter claim filed to a proof of claim is enumerated as a core proceeding in 28 U.S.C. §157(B)(2). The underlying Adversary Proceeding is not an objection to a filed claim or a counter claim. It is a proceeding directed at a professional lawfully representing a party claimant not against the estate but against the Trust.

Appellant's hesitant consent to the entry of the Judgment (if at all) was related to the Adversary Proceeding and did not extend to the enforcement of the contractual terms.

**IV. DUE PROCESS OF THE LAW IS NOT MET WHEN FINDINGS ARE MADE BASED UPON INCOMPLETE EVIDENCE AND UNCOMPLETED TRIAL.**

Appellee acknowledges that the trial was not completed and only a portion of the evidence was presented. For example: Appellant never testified despite urging the Court to afford him the opportunity to testify; Appellant's evidence was improperly

6

excluded prior to the Opening of Trial; No Experts testified at Trial; No Closing Arguments were presented. Clearly, Appellant did not stipulate to the findings of fact yet the same were adopted by the Court on an incomplete record and prior to the submission of evidence.

Appellant's existing clients were not afforded notice and opportunity to be heard concerning their representation.

Appellee clearly acknowledges that trial of the cause was not completed yet terms of agreement were reached and announced. Despite only a small portion of evidence having been accepted by the Court, Findings of Fact were adopted and entered as the findings of the Court.  Findings of Fact can only be made at the conclusion of evidence and a proper evidentiary record is established.

## CONCLUSION

Appellee and Appellant entered into a contract per California Law for the resolution of issues presented in the Adversary Proceeding.  The terms of the agreement are to be interpreted pursuant to state law and clearly violate the stated public policy of the state which prohibits "any restriction" of an attorney's right to practice law.  Imposition of the Trust authorized remedy is not the same as enforcing an agreement made in violation of the

7

express public policy.  Had the trial been completed, the Court may have found in favor of the Appellees and mandated the remedy, if any, as provided in the Trust procedures.  That did not occur.  What occurred was announcement of the terms of an agreement which clearly and wholly violated the Business and Professions Code and the Rules of Professional Conduct.

    The issue before the Court was Appellant's right to represent his clients before the Trust.  The Trust was seeking judicial sanction for its intended imposition of a remedy for which it may or may not have had a proper basis.  The declaratory adjudication, despite Appellants request for a jury trial, as to whether Appellant could continue to represent his clients in presenting the claims to the Trust was not a core issue. Instead of the declaratory relief sought, terms of an unethical and void contract were entered into.  Those terms violated applicable law. Appellant urges the Court reverse the Judgment and Order appealed from and for remand to Bankruptcy Court for further proceedings.

Dated:    7/15/14                    Respectfully submitted,

                                                DAVID N. CHANDLER, p.c.


                                                By: */s/ David N. Chandler*
                                                DAVID N. CHANDLER,
                                                Attorney for Appellants

CERTIFICATE OF SERVICE

I am employed in the County of Sonoma, State of California. I am over the age of eighteen years and not a party to this action. My business address is 1747 Fourth Street, Santa Rosa, California.

On the date set forth below, I served the following: APPELLANTS' REPLY BRIEF on the interested parties in said action by email as follows:

| | |
|---|---|
| Kenneth N. Klee<br>Klee Tuchin, et al.<br>kklee@ktbslaw.com | Thomas E. Patterson<br>Klee Tuchin, et al.<br>tpatterson@ktbslaw.com |
| Daniel Jay Bussel<br>Klee Tuchin, et al.<br>dbussel@ktbslaw.com | Eve H. Karasik<br>Gordon Silver, et al.<br>ekarasik@gordonsilver.com |
| Attorney for Appellees | Attorney for Appellees |
| Benjamin P. Smith<br>Morgan Lewis, et al.<br>bpsmith@morganlewis.com | Matthew J. Poole<br>Morgan, Lewis, et al.<br>mpoole@morganlewis.com |
| Attorney for Appellees | Attorney for Appellees |

Gary Scott Fergus
Fergus Law Offices
gfergus@ferguslegal.com

Attorney for Futures Rep.
Charles B. Renfrew

I, JANE F. KAMAS, declare under penalty of perjury that the foregoing is true and correct.

Executed on July 15, 2014, Santa Rosa, California.

                                        /s/ Jane F. Kamas
                                        JANE F. KAMAS